UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

**LEON R. KOZIOL,** individually
and as natural parent of Child A
and Child B,

                 **Plaintiff,**           6:14-cv-946
                                                   (GLS/TWD)
         v.

**DANIEL KING et al.,**

                 **Defendants.**
_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **FOR THE PLAINTIFF:** | |
| Leon R. Koziol | |
| Pro Se | |
| 1336 Graffenburg Road | |
| New Hartford, NY 13413 | |
| | |
| **FOR THE DEFENDANTS:** | |
| *Nicole Christensen* | |
| Schmitt & Lascurettes, LLC | WILLIAM P. SCHMITT, ESQ. |
| 1508 Genersee Street, Suite 3 | |
| Utica, NY 13502 | |
| *Kelly Hawse-Koziol* | |
| Pro Se | |
| 16 Terrace Hill Drive | |
| New Hartford, NY 13413 | |
| | |
| *William Koslosky* | |
| Costello, Cooney Law Firm | PAUL G. FERRARA, ESQ. |
| 500 Plum Street | |
| Suite 300 | |
| Syracuse, NY 13204 | |

**Gary L. Sharpe**

**Senior District Judge**

# MEMORANDUM-DECISION AND ORDER

## I. Introduction

Plaintiff *pro se* Leon R. Koziol commenced this action against defendants Daniel King, James Gorman, James Tormey, Robert Rose, John Lahtinen, Edward Spain, Leslie Stein, Monica Duffy, Steven Zayas, John Centra, Nicole Christensen, defendant *pro se* Kelly Hawse-Koziol, and William Koslosky, pursuant to 42 U.S.C. § 1983, alleging violations of his First, Fourth, Ninth, and Fourteenth Amendment rights, and also asserting a claim of *prima facie* tort under New York common law. (Compl., Dkt. No. 1.) An appeal from the dismissal of Koziol's complaint is pending before the Second Circuit. (Dkt. No. 64); *see Koziol v. King*, No. 15-2819 (2d Cir.). Now before the court are the motions of Christensen and Koslosky seeking attorney's fees pursuant to 42 U.S.C. § 1988. (Dkt. Nos. 51, 53.) For the reasons that follow, the motions are granted.

## II. Background

The facts and circumstances of this case are recited at length in the court's prior Memorandum-Decision and Order. (Dkt. No. 48 at 3-11.) As relevant to the pending motions, the court previously granted Koslosky's

motion for sanctions under Rule 11, finding that "Koziol made 'false, misleading, improper, [and] frivolous representations to the court' in violation of Rule 11(b)." (*Id.* at 40 (quoting *Williamson v. Recovery Ltd. P'ship*, 542 F.3d 43, 51 (2d Cir. 2008).)  Sanctions in the amount of $1,000 were imposed against Koziol under both Rule 11 and the court's inherent power. (*Id.*)  The court specifically found that "a full award of reasonable costs and attorneys' fees would also constitute an appropriate sanction," but was "reluctant to impose those sanctions without documentation upon which the court [could] quantify those fees." (*Id.* at 40-41.)

### III.  Standard of Review

Generally, the so-called "American Rule" mandates "each party to bear his own litigation expenses, including attorney's fees, regardless whether he wins or loses." *Fox v. Vice*, 131 S. Ct. 2205, 2213 (2011) (citation omitted).  "Notwithstanding the American Rule, however, [the Supreme Court has] long recognized that federal courts have inherent power to award attorney's fees in a narrow set of circumstances, including when a party brings an action in bad faith." *Marx v. Gen. Revenue Corp.*, 133 S. Ct. 1166, 1175 (2013) (citations omitted).

In addition to the court's inherent power, Congress has enacted fee shifting provisions which permit a prevailing party to recoup costs in certain types of cases. *See Fox*, 131 S. Ct. at 2213 (citing *Burlington v. Dague*, 505 U.S. 557, 562 (1992)). To this end, 42 U.S.C. § 1988(b) authorizes courts to award "a reasonable attorney's fee as part of the costs" to the prevailing party in any action brought under § 1983. Although available to both parties, attorneys' fees may only be awarded to a defendant if either the entirety, or a part, of the "plaintiff's action was frivolous, unreasonable, or without foundation." *Fox*, 131 S. Ct. at 2213 (internal quotation marks and citation omitted). In making this determination, and thereafter calculating the reasonable fee, trial courts are granted "substantial deference." *Id.* at 2216. "[R]ough justice," and not "auditing perfection," is the goal of the fee shifting provision. *Id.* Thus, "trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time." *Id.*[1]

---

[1] The court notes that, in addition to 42 U.S.C. § 1988, "which shifts attorneys' fees from one party to another," *Oliveri v. Thompson*, 803 F.2d 1265, 1273 (2d Cir. 1986), 28 U.S.C. § 1927 provides that, "[a]ny attorney or other person admitted to conduct cases in any court of the United States . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because

4

## IV. Discussion

Before delving into the merits of defendants' motion, the failure of Koziol to timely file a response must be addressed. Koziol's disregard for the opposition deadline is not without consequences. By Local Rule, "[t]he [c]ourt shall not consider any papers . . . that are not timely filed . . . unless good cause is shown." N.D.N.Y. L.R. 7.1(b)(3). Similar to the arguments he made in support of his motion for an extension of time to file a notice of appeal, (Dkt. No. 57), Koziol contends that his late filing should be accepted because: (1) he was "preoccupied with employment opportunities . . . which required an extended departure from [his] home"; and (2) in late June 2015 he discovered that his children had been relocated to "points undisclosed"; after discovering that his children had moved, he was forced to file a petition in Family Court, which apparently diverted his attention from this matter. (Dkt. No. 56 at 1-4.) The child relocation episode

---

of such conduct." Although the Second Circuit has held that § 1927 is not applicable to non-lawyers, *see Sassower v. Field*, 973 F.2d 75, 80 (2d Cir. 1992), it is unclear whether that is still the rule in this Circuit, *see Davey v. Dolan*, 292 F. App'x 127, 128 (2d Cir. 2008) (affirming district court's imposition of sanctions on *pro se*, nonattorney plaintiff pursuant to § 1927). This question, however, is of no moment, as the court is authorized to award attorneys' fees pursuant to § 1988 and its inherent power. *See* 42 U.S.C. § 1988(b); *Marx*, 133 S. Ct. at 1175.

"produced immense trauma which further impaired [Koziol's] appeal and response time." (*Id.* at 4.) For the same reasons that good cause was not show with respect to Koziol's motion under Federal Rule of Appellate Procedure 4(a), (Dkt. No. 63 at 4-6), good cause has not been shown here. As a consequence of Koziol's failure, the court cannot consider his response papers. *See* N.D.N.Y. L.R. 7.1(b)(3).

Turning to the merits of the fee motions, Christensen and Koslosky seek costs and fees in the amount of $3,098.40, (Dkt. No. 51, Attach. 1 ¶ 8), and $18,632.34, (Dkt. No. 53, Attach. 4 at 4), respectively. Relying principally upon the court's previously findings of frivolousness, baselessness, and vexatiousness, defendants argue that they are entitled to fees/costs and that the hours expended and hourly rates charged are both reasonable. (*See generally* Dkt. Nos. 51, 53.)[2] There is no reason to

---

[2] Even if the court considered Koziol's response, it would be unpersuaded by any of his arguments. In his response, Koziol again seeks recusal, repeats earlier-made arguments about the *Younger* abstention doctrine, and asserts that the court should not exercise its discretion to award fees. (Dkt. No. 56, Attach. 1 at 3-12.)

Beginning with the spurious recusal arguments, it is only necessary to say that the court has come to expect such nonsense from Koziol and rejects those assertions for the same reasons as previously explained. (Dkt. No. 48 at 13-17.) The *Younger* abstention argument was also previously dismissed and will not be revisited. (*Id.* at 29 n.13.) Finally, because fees are exceedingly appropriate, Koziol's plea that the court not

belabor the point; the prior Memorandum-Decision and Order amply details the umpteen reasons for requiring Koziol to pay reasonable attorney's fees. (*Id.* at 36-41.)

The only question that remains is whether the requested sums are reasonable under the lodestar method, which yields a presumptively appropriate award. *See Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 546 (2010); *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011). Having reviewed the billing statements submitted along with the motions for fees, (Dkt. No. 51, Attach. 1 at 5-11; Dkt. No. 53, Attach. 3), the court is satisfied that the hourly rates billed — ranging between $100 and $175 — are reasonable and well within the prevailing rates in this District. *See, e.g.*, *Jimico Enters., Inc. v. Lehigh Gas Corp.*, No. 1:07-CV-0578, 2014 WL 1239030, at *7 (N.D.N.Y. Mar. 25, 2014) (awarding fees of $300 per hour for work performed by partners); *Aquent, LLC v. Atl. Energy Servs., Inc.*, No. 1:09-CV-0524, 2012 WL 1005082, at *3 (N.D.N.Y. Mar. 23, 2012) (applying rates of $135 to $345 per hour for attorneys); *Broadcast Music, Inc. v. DFK Entm't, LLC*, No. 1:10-cv-1393, 2012 WL 893470, at *7 (N.D.N.Y. Mar. 15, 2012) (applying a rate of $270 per hour

---

 exercise its discretion is likewise rebuffed.

for a partner). As for the total amount of hours devoted by the attorneys to this case, the court reaches the same conclusion: that the billing records adequately reflect the reasonable expenditure of time by counsel.

## V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Christensen's motion for attorney's fees (Dkt. No. 51) is **GRANTED**; and it is further

**ORDERED** that Koslosky's motion for attorney's fees (Dkt. No. 53) is **GRANTED**; and it is further

**ORDERED** that Koziol is liable to Christensen and Koslosky for costs and attorney's fees totaling $3,098.40 to the former and $18,632.34 to the latter; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

March 31, 2016
Albany, New York

_Gary L. Sharpe_
Gary L. Sharpe
U.S. District Judge